## SEASE v. DOBSON.

### SAME v. SAME.

1. COSTS ON APPEAL.—The prevailing party to an appeal to the Supreme Court is entitled to the item of fifteen dollars costs "on appeal," whether he be appellant or respondent.
2. IBID.—SPECIAL PROCEEDING.—The same rule applies where the appeal has been taken in a special proceeding.

Before WALLACE, J., Barnwell, November, 1891.

These are two cases, the first being an action of Alfred Sease

against Joseph Dobson, Henry Dobson, and S. L. Knopf, and the second a special proceeding between the same parties, excepting Knopf. They both came up before the same Circuit Judge at the same term on exception to the clerk's taxation of costs, but in both cases the judge confirmed the taxation, except the item of "fifteen dollars on appeal to the Supreme Court." From these orders the defendants, who were successful respondents on the former appeals, appealed to this court.

*Mr. J. J. Brown,* for appellants.

*Messrs. Bates & Simms* and *W. A. Holman,* contra.

September 2, 1892. The opinion of the court in the case first stated was delivered by

MR. CHIEF JUSTICE MCIVER. This and a case between very much the same parties, in which Mr. Justice Pope has prepared the opinion, involve questions as to the correctness of the rulings of the Circuit Judge as to the taxation of costs. There is this difference, however, between the two cases : In the former the only question was whether any costs at all, even on appeal, could be taxed in a *special proceeding,* that being the only point raised by the exception ; but in this case, which was an ordinary action, the question presented is, whether a respondent, who has been successful in an appeal, is entitled to tax the item of fifteen dollars "on appeal to the Supreme Court." As was intimated in the opinion of Mr. Justice Pope, we think this question has been determined by the case of *Huff* v. *Watkins,* 25 S. C., 243. In that case this court construed the following language in the latter part of section 2428 of the General Statutes : "The following costs shall be allowed in all classes of cases, legal or equitable, * * * on appeal to the Supreme Court, fifteen dollars ; *on argument in Supreme Court,* twenty dollars," as "an independent provision entitling the successful party in the appeal to the costs allowed."

It is true, that in the case of *Huff* v. *Watkins,* the party to whom these appeal costs were allowed was the appellant, while here the successful party in the appeal was respondent ; but the

court in that case did not rest its decision upon any such distinction, for which we see no warrant in the provisions of the statute. On the contrary, as we said in that case, "the most reasonable construction is that this provision, although it is a part of section 2428, which, as a whole, is governed by section 2425 (the first section), yet it was the intention to allow appeal costs to the prevailing party in the appeal," to which we may add, without regard to whether such prevailing party was appellant or respondent. The argument of respondent here, that this item of fifteen dollars as costs "on appeal to the Supreme Court" cannot be allowed to the respondent, even if successful in the appeal, because he is not subjected to the labor and expense of preparing the case for a hearing in the Supreme Court, is not sound. for two reasons : 1st. The statute does not give this item of costs for the preparation of any papers for the Supreme Court, but simply says "on appeal to the Supreme Court." 2d. The respondent may, and often is, subjected to the labor and ex-pense of preparing papers for the appeal—amendments to the "Case" as proposed—and appearing before the Circuit Judge to settle the case, and he is always subjected to the expenses incurred by his counsel in attending the Supreme Court; and it was, doubtless, for this reason that this item of costs was allowed to the prevailing party on the appeal, whether he be appellant or respondent. It seems to us, therefore, that the Circuit Judge erred in refusing to allow the item of fifteen dollars costs on appeal.

The judgment of this court is, that the judgment of the Circuit Court be reversed, in so far as it disallowed the item of fifteen dollars, and that the case be remanded to that court with instructions to confirm the taxation of costs as made by the clerk.

September 2, 1892. The opinion of the court in the case second stated was as follows :

MR. JUSTICE POPE. The sole question raised by this appeal is whether the statutory provision fixing "fifteen dollars on appeal to the Supreme Court" should be allowed to the respondents who are the prevailing parties on an appeal to this court in a special

proceeding. The facts of the special proceeding are fully stated in the case of *Sease* v. *Dobson*, 33 S. C., 235, and, therefore, need not be stated anew. This court distinctly recognized that appeal as occurring in a special proceeding. Section 11 in the Code of Procedure, adopted by this State, directly sanctions such right of appeal. *Cureton* v. *Hutchinson*, 3 S. C., 607 ; *Johnstone* v. *Manigault*, 13 *Id.*, 406 ; *Sease* v. *Dobson*, 33 *Id.*, 235.

But the underlying question here is not as to the right of appeal in such cases, but as to whether costs can be taxed for the prevailing party in such appeals. Mr. Justice Haskell, in delivering the opinion of this court in the case of *State ex rel. Bull* v. *County Treasurer*, 10 S. C., 41, said : "Costs, *eo nomine*, did not exist at common law, but are the creature of statute. * * * By an act commonly called the Code of Procedure, passed 1 March, 1870, it was enacted, section 329 : 'All statutes establishing or regulating the costs or fees of attorneys, solicitors, and counsel in civil actions are repealed, and hereafter the measure of such compensation shall be left to the agreement, express or implied, of the parties. But there may be allowed to the prevailing party upon the judgment certain sums by way of indemnity for his expenses in the action, which allowances are, in this act, termed costs.' "

Soon after the year 1876, when the people of this commonwealth regained control of the legislature of the State, the system of allowances, as fixed in the act of 1 March, 1870, was repealed, and a return was had to the statutory provisions on the subject of costs, as they had existed in this State prior to 1 March, 1870. See 16 Stat., 624, and 17 Stat., 296. By these last named acts (which are now incorporated in the General Statutes as sections 2425, 2426, 2427, and 2428), it was provided : "The following costs shall be allowed in all classes of cases, legal or equitable : for the plaintiff's or defendant's attorneys, for making and serving a case, or cases, containing exceptions, ten dollars ; for procuring an order of injunction, five dollars ; on appeal to the Supreme Court, fifteen dollars ; on argument to the Supreme Court, twenty dollars ;" and it may be remarked just here that the language here quoted forms a part of section 2428 of the General Statutes.

This court, in the case of *Huff* v. *Watkins*, 25 S. C., 245, was called upon to construe this very language, and, amongst other things, it was said : "We think, from the language employed in the provision referred to, that it was its purpose to allow the costs mentioned to the prevailing party on appeal, without regard to the final result of the action. * * * The most reasonable construction is, that this provision, although it is a part of section 2428, which, as a whole, is governed by section 2425 (the first section), yet it was the intention to allow costs to the prevailing party in the appeal." "Our statute, we think, gives appeal costs to the prevailing party in the appeal, without reference to the grounds of appeal. "Now, it is but fair that we should state that the contention in *Huff* v. *Watkins, supra,* was between parties to an action, and not those to a special proceeding, and related principally to the question whether costs on appeal, like those in the Circuit Court, should not depend upon the termination of the action, and as to who should prove to be the prevailing party there. Yet, by this decision, it is fixed that costs in appeal cases are accorded to the prevailing party in such appeal, whether appellant or respondent.

There is yet another difficulty to be met. Are such costs to be accorded to the prevailing party in an appeal taken in a special proceeding ? By reference to the language of the statute, now being considered, it will be seen that the language is very broad : "That in *all classes of cases,*" etc. Is the word "cases" here used synonymous with "actions," or is it used in a sense sufficiently broad to include any instance where an appeal is allowed by law ? If the first construction is correct, the Circuit Judge is correct; but if the latter be correct, he is in error. We are inclined to adopt the latter construction. As before remarked, section 11 of our Code of Procedure expressly provides for appeals to the Supreme Court in special proceedings, and in other sections of this Code of Procedure this right to appeal is recognized and effectuated. Not only so, but in such provisions this word "cases" is used as comprehending special proceedings as contradistinguished from "actions." See section 337 : "Any party aggrieved may appeal in the cases prescribed in this title." Also section 344 : "An appeal may be taken to the Su-

preme Court in the *cases mentioned in section* 11." (Italics ours.) Such being our view of this matter, the Circuit Judge was in error in disallowing the item of fifteen dollars.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, in so far as it disallowed the item of fifteen dollars, and that the case be remanded to the Circuit Court for the purpose of carrying into effect the judgment of this court.